776 A.2d 937

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Christopher SAVAGE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 31, 2001.

July 17, 2001.

Robin Forrest, Ellen T. Greenlee, Philadelphia, for appellant, Christopher Savage.

Lawrence J. Goode, Catherine Marshall, Philadelphia, for appellee, Com. of PA.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## *ORDER*

**AND NOW,** this 17th day of July 2001, this appeal is dismissed as having been improvidently granted.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice NIGRO files a dissenting statement.

NIGRO, Justice, dissenting.

I respectfully dissent from the majority's order to dismiss this case as improvidently granted. Instead, I believe that this Court should address the second issue raised by Appellant regarding whether the trial court denied Appellant his constitutional rights to confrontation and due process by prohibiting him from cross-examining the testifying officers about Officer Duross' influence on their testimony and from calling Officer Duross as a witness and questioning him about his disciplinary history. Given that Officer Duross was directly involved in arresting Appellant for possession of narcotics[1] and that Officer Duross was previously disciplined for giving false testimony about the facts of a narcotics possession arrest, I believe that Officer Duross' disciplinary history was completely relevant to Appellant's case. Thus, in my view, the trial court clearly erred in precluding Appellant from introducing evidence of Officer Duross' prior disciplinary suspensions.

---

1. Indeed, according to Appellant, it was Officer Duross who actually arrested him and in the course of doing so, planted drugs on him.